OPINION. LeMike, Judge: The question presented involves the correctness of the respondent’s determination that the sum of $22,000 received by the petitioner pursuant to a purchase and sale agreement was the consideration for a covenant not to compete and is taxable as ordinary income. The petitioner contends that the payment was for the sale of capital assets and is taxable as capital gain. Pursuant to a contract dated February 14,1948, petitioner assigned and transferred all of his right, title, and interest in a shopping center in connection with the Basilone Homes housing project. The total consideration to be paid was $55,000, consisting of two parts. The amount applicable to the buildings and equipment was $33,000 and no question with respect to that amount is in controversy. The remaining $22,000, which is here in question, was stated to be in consideration of the assignment and transfer of the master lease owned by petitioner, certain subleases, and a covenant not to compete. The respondent argues that as the master lease and the subleases were without value the total consideration of $22,000 was, therefore, paid for the restrictive covenant. We do not agree with this premise. It appears well established that the question of whether any portion of the sale price should be attributed to a restrictive covenant as opposed to other items in the transaction depends upon whether the parties treated the covenant as a separate and distinct item in their negotiations and whether the purchasers actually paid anything for the covenant as a separate item in the deal, Clarence Clerk Hamlin Trust, 19 T. C. 718, affd. 209 F. 2d 761; Gazette Telegraph. Co., 19 T. C. 692, affd. 209 F. 2d 926; and Rodney B. Horton, 13 T. C. 143. Petitioner testified that in the oral negotiations leading to the written agreement of February 14,1948, mention had not been made at any time of a covenant not to compete. Petitioner further testified that the consideration was fixed in the oral understanding without reference to such a covenant; that he did not regard any plart of the fixed consideration as having been received for the agreement not to compete because of his plans to take up permanent employment in Florida, and therefore agreed to the incorporation of the restrictive covenant in the final written agreement. See Harold, J. Burke, 18 T. C. 77. We think the agreement of February 14,1948, and the other evidence clearly indicate that the restrictive covenant was not treated as a separate item nor was any separate part of the consideration paid for such covenant. Cf. Clarence Clark Hamlin Trust, supra. After giving due consideration to all of the facts and circumstances disclosed by this record, we have found as a fact that the amount of $22,000 received by the petitioner pursuant to the purchase and sale agreement for the assignment of his interest in the master lease and subleases was capital gain. We hold, therefore, that the respondent erred in taxing the $22,000 as ordinary income of the petitioner in the taxable year 1948. Effect will be given to the stipulated fact that the petitioner erroneously included the sum of $1,528 in gross income in his return filed for 1948. Decision will be entered wnder Rule 50.