OPINION. Kern, Judge: Petitioner contends that he is entitled to deduct the $5,000 paid by him to the Cohens (or at least twelve-fourteenths thereof, $4,285.70) as amortization of an interest acquired by him in the lease on the Clinton Street plant. He argues that the payment with respect to the lease was a separate bargain, independent of the investment in the stock of Interstate, and comparable to the payment for a covenant not to compete, which has been treated as distinct from the purchase price of the business. See Gazette Telegraph Co., 19 T. C. 692, affd. (C. A. 10, 1954) 209 F. 2d 926; Lee Ruwitch, 22 T. C. 1053. The Commissioner has disallowed the deduction on the ground that the payment to the Cohens was either an additional contribution to the capital of Interstate or a payment made to benefit the corporation and thus to increase the value of petitioner’s existing investment therein, and hence a capital expenditure under section 24 (a) (2) of the Internal Eevenue Code of 1939. The Commissioner argues further that even if petitioner acquired an interest in the lease, he is not entitled to deduct any part of the cost because he has failed to show that such acquisition was in connection with any business purpose. Eegs. Ill, sec. 29.23 (a)-10. We agree with the Commissioner that the payment to the Cohens is not deductible by the petitioner. As we appraise the facts, it is apparent that petitioner and the two Cohens were faced with the following problem: The Cohens owned a valuable leasehold which they were willing to contribute to the corporation but each of them was unwilling to contribute anything more to the corporation than petitioner in view of the basic understanding that the contribution of each of the three was to be the same. The Cohens evidently estimated the value of the unexpired lease to be $15,000. One way by which the problem could have been solved would have been for the Cohens to contribute the leasehold to Interstate and petitioner to contribute an amount of cash to the corporation which would have been equivalent to one-half the value of the leasehold. This would have resulted in petitioner’s contribution of $7,500 to Interstate. The parties evidently decided on another way to equalize the contribution incident to the leasehold which was less expensive for petitioner, and that was for the Cohens to permit Interstate to occupy the premises under the lease and for petitioner to pay to the Cohens individually the sum of $5,000. In that way the leasehold would, in effect, be contributed to the corporation and the contribution would be equal from the two Cohens and petitioner. Simon Cohen testified that no part of the lease was assigned to petitioner. No assignment was introduced into evidence. It does not appear that petitioner was ever to recover his “investment” in the lease through the receipt of some part of the rentals. Under the agreement of October 21,1946, if petitioner exercised his right of first refusal in the event the Cohens desired to sell out, it appears that the sublease would not be terminated and that the Cohens would not receive any consideration for the $10,000 premium value of the lease contributed to the corporation. This eventuality did not occur and nothing in the record suggests that it was a serious possibility. On the other hand, if petitioner were bought out by the Cohens (an eventuality which did occur within a short time), he would receive a pro rata refund of his contribution to the premium on the lease. We do not view this situation as implying that an interest in the lease was owned by petitioner rather than by the corporation. Petitioner could not compel the Cohens to sell to him but they could compel him to sell to them, and the situation was, therefore, within the control of the Cohens who had the opportunity of selecting the best course of action for themselves. If the Cohens exercised this right of forcing petitioner to sell out to them his stock interest in the corporation at a book value to be determined without reference to the value of the unexpired lease (which was to revert to the Cohens in this event), and if no provision had been made for some refund to petitioner of a part of the $5,000 payment proportionate to the unexpired period of- the lease, then it would eventuate that petitioner’s contribution would have been larger than the Cohen’s. The fact that the agreement provided that in this eventuality a pro rata refund of his contribution on account of the lease should be made to petitioner is a further indication that petitioner and the Cohens were keenly aware of the fundamental understanding between them that their contributions to the corporation were to be equal. Any real benefit to petitioner from the $5,000 payment could come only from his participation as a stockholder in the corporation which was to enjoy the occupancy of the premises in the conduct of its business. If petitioner ever did acquire an interest in the lease, he appears to have contributed it immediately to the corporation. See I. T. 1222, I-1 C. B. 168 (1922). The cases involving covenants not to compete cited by the petitioner are not in point. The fact that a separate and independent bargain was made with respect to the lease does not establish that the payment was not an additional investment in Interstate. In the cited cases, this factor merely distinguished the portion of the purchase price al-locable to the acquisition of the business itself from the portion attributable to the acquisition of an admittedly wasting asset owned by the taxpayer claiming the deduction. Cf. Lee Ruwitch, supra. We have no evidence herein that petitioner acquired anything other than an increased investment in Interstate, and all the indications are that he did not. Decision will l>e entered for the resfondent.